**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2286-24

MARIO CASSITTA,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 3, 2025 – Decided March 2, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the New Jersey Department of Corrections.

Mario Cassitta, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Elizabeth Micheletti and Robert J. McGuire, Deputy Attorneys General, on the brief).

PER CURIAM

Appellant Mario Cassitta, an inmate at Mid-State Correctional Facility, appeals from the final decision of the New Jersey Department of Corrections (DOC) after a finding of guilt for committing a prohibited act. Appellant contends he did not receive timely notice of the charges against him and the guilty finding was not supported by substantial credible evidence. We affirm.

According to the Preliminary Incident Report completed by Corrections Officer Luis Pagan, on February 8, 2025, appellant approached a gate during a movement "screaming and yelling" and "holding a bag of his property." Officers observed appellant "displaying signs of intoxication" which included "screaming incoherently, slurred speech, confusion, glassy eyes, and unsteady gait." Officers entered appellant's unit, placed him in mechanical restraints and escorted him to the medical clinic. Pagan searched appellant's bed and locker and reported "the results were negative [for] contraband found at this time."

Pagan reported that appellant stated, "[d]id I kill anyone?" and "[t]hat was some good sh[*]t." The report noted that "[p]er O/C Mental Health Dr. Prontnicki, [appellant] [was] to be placed on [c]onstant [w]atch." The officers found nothing on appellant's person during the subsequent strip search. Thereafter, appellant's status was changed to close watch. Appellant was also placed on detox protocol.

Josephine Browne, RN, evaluated appellant and noted he "appeared confused [and] delusional," "[his] pupil[s] were dilated, [he] was incoherent, [he had an] unsteady gait, [and] slurred speech." Nurse Browne noted that appellant "was awake, but incoherent during the assessment, asking if he had hurt someone and rambling about movies, stating 'that sh[*]t was good.'" Appellant also provided a urine sample which tested negative for prohibited substances.

Later that day, appellant was transferred to Northern State Prison and housed in the Stabilization Unit/infirmary. Two days later, a second urine sample also tested negative. On February 12, 2025, appellant was transferred back to Mid-State.

Appellant was charged with prohibited act *.552, "being intoxicated" in violation of N.J.A.C. 10A:4-4.1(a)(6)(viii). A hearing was held on February 13, 2025. Appellant requested and was granted the assistance of counsel substitute. He pleaded not guilty to the charge. Appellant stated he had experienced a panic attack during the incident and "just lost it." He said: "I don't use drugs. I was not intoxicated or under the influence of [a] prohibited substance."

The disciplinary hearing officer (DHO) Morales found appellant guilty of a *.552 violation and sentenced him to ninety days in the Restorative Housing

Unit—suspended for sixty days, sixty days' loss of commutation credits, 180 days urine monitoring, and permanent loss of contact visits.

Administrative Assistant Superintendent Lisa Schofield upheld the guilty findings and imposed sanctions. Schofield found

> [t]he charge and sanctions are fair and commensurate to the offen[s]e and supported by substantial evidence, [exhibits] A1-A8, specifically A1 [and] A2 where the medical report confirms intoxication based on the following signs/symptoms, dilated pupils, incoherent, unsteady gait, slurred speech. There are no mental health reports concerning a panic attack. You received your charge within the required time frame. The DOC urine tests do not test for all CDS's that cause intoxication. There are no violation[s] of standards noted or misinterpretation of facts. Leniency was afforded by the DHO.

On appeal, appellant contends he was denied due process and there was no evidence to support the guilty finding. We are unpersuaded.

Judicial review of quasi-judicial agency determinations is limited. Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). We "review[] agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). See Melnyk v. Bd. of Educ. of the Delsea Reg'l High Sch. Dist.,

4

241 N.J. 31, 40 (2020). The party challenging the administrative actions bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

On appeal, the judicial role in reviewing all administrative action is generally limited to three inquiries:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto. Grp., 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Hermann, 192 N.J. 19, 28 (2007).

Appellant contends he was not served with the disciplinary charge form apprising him of the prohibited act charge. However, the record evidence includes the DOC document reflecting appellant was served with the disciplinary report and charge on February 10, 2025, at Northern State Prison. In addition, appellant did not advise the DHO of the failure to provide notice of the charges when he appeared for the hearing. If appellant was completely

5

unaware of why he was at a hearing as he now contends, he would have questioned it. Instead, he requested counsel substitute and made a statement. According to the DOC documentation, appellant was noticed while at Northern State. Appellant did not advise the Mid-State DHO to the contrary.

We turn to appellant's contention that the guilty finding was unsupported by any credible evidence because the officers found no illegal substances in his unit and his drug testing was negative.

The DHO and DOC found ample evidence of appellant's intoxication based on the accounts of several officers who observed appellant acting intoxicated, and the description given by officers and Browne that he had dilated pupils, was incoherent, delusional, confused, had an unsteady gait and slurred speech. Several of these witnesses reported appellant asking if he had hurt or killed someone, and stating "that was some good sh[*]t." At the hearing appellant stated he might have been having a panic attack to explain his behavior. However, there were no reports or records reflecting any history of prior attacks to support that assertion.

The decision of the DHO was based on sufficient credible evidence, and the decision of the DOC to uphold the finding of guilty was not arbitrary, capricious or unreasonable.

6

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2286-24